GEORGE R. CROSS v. ANTONIO COSTA ET AL.

Decided November 16, 1926.

Negligence—Injury to Person on a Safety Isle Caused by the Collision of Two Automobiles—Verdict Against the Two Defendants, Owners of the Respective Automobiles—No Error in Excluding Proof That One of the Defendants Had Settled With the Other For the Damage Done Him—Neither Party Can Relieve Himself or His Co-defendant From Liability to the Plaintiff *Merely by Agreeing That the One and Not the Other was Responsible For the Accident*—Verdict Held Not to Have Been Excessive.

On defendants' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *J. Emil Walscheid.*

*Contra, De Turck & West.*

PER CURIAM.

This was an action for personal injuries. The plaintiff, while standing on one of the islands, or small parks, in the center of the Hudson county boulevard, was run over and injured by an automobile driven by the defendant Costa. This automobile had collided with another car, which was being driven by the defendant DeKimpe, the result of the collision being to drive the Costa car upon the island, or park, and over the person of the plaintiff. The trial resulted in a verdict against both of the defendants, the jury awarding the plaintiff, as compensation for his injuries, the sum of $4,000.

The first ground upon which we are asked to set aside the verdict is that it is excessive. If the jury believed that the physical condition of the plaintiff after the accident was as testified to by himself and by his attending physician, Dr. Poole, the verdict is not excessive. If, on the other hand,

the injuries were comparatively slight, as testified to by the medical expert called by the defendant, one Dr. Protzman, then the verdict is excessive. The jury evidently believed the plaintiff as to the condition in which he was left as the result of the accident, and his physician as to the character of the permanency of the injuries. This it had a right to do, and we cannot say, in the face of its finding upon this point, that the verdict is excessive.

The only other ground argued before us for setting aside this verdict is that the trial court erroneously excluded a reply to the following question, put by the attorney of the defendant DeKimpe to the defendant Costa, while the latter was on the witness-stand: "Is it a fact that you settled with Mr. DeKimpe for your car?" In our opinion, this question was properly overruled. Assuming it to be the fact that the two defendants settled as between themselves the question of liability, that fact was not evidential as against the plaintiff. Neither party could relieve himself or his co-defendant from liability to the plaintiff merely by agreeing that the one and not the other was responsible for the accident.

The rule to show cause will be discharged.